IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WYNFREY CORDELL ROBINSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 3:25-CV-00888-RAH-KFP ) |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION AND ORDER

## INTRODUCTION

On November 6, 2025, Hyundai Motor Manufacturing Alabama, LLC timely removed this premises liability case to federal court from the Circuit Court of Macon County, Alabama. After careful consideration, this action will be remanded for lack of subject matter jurisdiction.

## BACKGROUND

On November 1, 2023, Wynfrey Cordell Robinson was robbed at gunpoint and assaulted at 676 Hall-Bama Drive, Shorter, Alabama, "during a scheduled break." (Doc. 1-2 at 5.) According to Robinson, the "incident occurred on the premises or within the immediate property controlled by [Hanon]."[1] (*Id.*) At the time, Robinson was employed by Hanon Systems Alabama Corp.

---

[1] This address is actually the business location for Hanon, not Hyundai. For purposes of this jurisdictional issue, the Court will assume that Hanon, not Hyundai, controls the premises.

Robinson filed suit in the Circuit Court of Macon County, Alabama, on September 24, 2025, against Hanon and Hyundai Motor Manufacturing Alabama LLC. In his Complaint, Robinson alleges that Hanon and Hyundai owed him a duty of reasonable care to maintain a safe premises and that they breached this duty by failing to monitor the premises, employ sufficient security, respond appropriately to prior known incidents, and prevent unauthorized individuals from accessing secure areas. He brings tort claims of general negligence for premises owners and negligent training, supervision, and hiring.

## LEGAL STANDARD

Removal is proper if the case could have been filed in federal court in the first instance. 28 U.S.C. §1441(a). The removing party bears the burden to show that federal jurisdiction exists and that removal was proper. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

Federal district courts have original jurisdiction "over two general types of cases: cases that arise under federal law . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (cleaned up) (citing 28 U.S.C. §§ 1331, 1332(a)). Relevant here is the latter, which is known as "diversity jurisdiction." *Id.* at 438. Civil actions that meet diversity jurisdiction criteria that are originally brought in state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Assuming the Court has subject matter jurisdiction, the case may proceed in federal court.

To determine whether a district court has subject matter jurisdiction, courts abide by the "well-pleaded complaint rule," which requires that the basis for federal jurisdiction, whether that be federal question or diversity, be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S.

2

386, 392 (1987). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)). "[R]emand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (citation omitted).

There are exceptions to complete diversity. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). "In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court," *Florence,* 484 F.3d at 1297, because the plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case.

The burden of proving fraudulent joinder "is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). And it is one that rests with the removing defendant. *Id.* A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id.* (citation omitted). "The defendant must make such a showing by clear and convincing evidence." *Henderson v. Wash. Nat. Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006).

The court, however, must evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and "resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe,* 113 F.3d at 1538

(citation omitted). And the court must make "these determinations based on the plaintiff's pleadings at the time of removal" but "may consider affidavits and deposition transcripts submitted by the parties." *Id.* "If there is even a *possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[], the federal court must find that the joinder was proper and remand the case to state court." *Stillwell*, 663 F.3d at 1333 (emphasis added); *see Pacheco de Perez,* 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court."). "In other words, '[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.'" *Stillwell*, 663 F.3d at 1333 (quoting *Triggs*, 154 F.3d at 1287).

## DISCUSSION

Hyundai argues that Hanon, an Alabama-based entity, has been fraudulently joined. In its removal notice, Hyundai states that Robinson cannot recover from Hanon in tort because Robinson's "exclusive remedy against his employer for injuries sustained in the course of his employment is benefits under Alabama's Workers' Compensation Act." (Doc. 1 at 10.) Therefore, according to Hyundai, Hanon has been fraudulently joined and its citizenship should be disregarded.

Because the Court must be cognizant of its jurisdiction at all times,[2] the Court required the parties to show cause why this case should not be remanded. The parties have now addressed the issue. After considering the Complaint and the parties'

---

[2] "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

4

submissions, Hyundai has not met its burden in showing fraudulent joinder here, largely due to the fact-driven nature of the exclusivity defense.

Alabama Code § 25–5–31 provides that an employee has the right to pursue an action under the Alabama Worker's Compensation Act for injuries "arising out of and in the course of his employment." And Alabama Code § 25–5–1(8) states that "injuries by an accident arising out of and in the course of the employment . . . do[] not cover workers except while engaged in or about the premises where their services are being performed or where their service requires their presence as a part of service at the time of the accident and during the hours of service as workers."

"Whether an accidental injury 'arises out of' the claimant's employment is basically a question of whether there is a causal relationship between the claimant's performance of his or her duties as an employee and the complained-of injury." *Ex parte Trinity Indus., Inc.,* 680 So. 2d 262, 266 (Ala. 1996). "An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it." *Anderson v. Custom Caterers, Inc.,* 185 So. 2d 383, 384–85 (1966) (citing *S. Cotton Oil Co. v. Bruce,* 32 So. 2d 666 (1947)).

Coverage under the Act is measured against the exclusivity provisions of the Act, which foreclose certain, and most, tort claims by the employee against the employer. Alabama Code § 25–5–52 of the Act provides that "Except as provided in this chapter, no employee of any employer subject to this chapter . . . shall have a right to any other method, form, or amount of compensation or damages for an injury . . . occasioned by an accident . . . proximately resulting from *and while engaged in the actual performance of the duties of his or her employment* and from a cause originating in such employment or determination thereof." Ala. Code § 25–5–52 (emphasis added). And Alabama Code § 25–5–53 provides that the "rights and

5

remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of injury, loss of services, or death" and "no employer shall be held civilly liable for personal injury to . . . the employer's employee, for purposes of this chapter, whose injury . . . is due to an accident . . . *while engaged in the service or business of the employer,* the cause of which accident . . . originates in the employment." Ala. Code § 25–5–53 (emphasis added).

Working together, "[t]he Act is designed to compensate those who are injured on the job and provides immunity from common law suits for those employers and carriers who come within the Act." *Garvin v. Shewbart,* 442 So. 2d 80, 83 (Ala. 1983). *See also Busby v. Truswal Sys. Corp.,* 551 So. 2d 322 (Ala. 1989). In other words, the Act "is the exclusive remedy when an employee is injured in an accident proximately resulting from, and that occurred while the employee was engaged in, the actual performance of the duties of his or her employment." *McCoy v. Int'l Paper Co.*, 306 So. 3d 1, 5 (Ala. 2019) (emphasis omitted) (quotation omitted).

The Alabama Supreme Court has not interpreted the exclusivity provision as foreclosing all possible claims by an employee against an employer, and Robinson's lawsuit is not one seeking coverage under the Act for an injury that he claims is work related.[3] In *Ex parte Shelby Cnty. Health Care Auth.*, for example, the Alabama Supreme Court concluded that, under the facts in that case as presented at the summary judgment stage, "the accident that resulted in Britt's injuries did not proximately result from, and occur while she was engaged in, the actual performance of the duties of her employment" and therefore the exclusivity provisions of the Act

---

[3] There is a distinction between a claimant seeking coverage under the Act from his employer for a work-related injury caused by a third-party and a claimant seeking tort recovery against his employer for an injury caused by a third party that he says is not work-related and did not occur in the course of his employment. The record contains no information as to whether Robinson has sought coverage under the Act and, if so, Hanon's position concerning that request.

6

"do not prohibit Britt from bringing a tort action against the Hospital for injuries arising from her car accident, which occurred when she was driving home after she had completed her shift at work." 850 So. 2d 332, 338 (Ala. 2002). *See also Hobbs v. Ala. Power Co.*, 775 So. 2d 783, 786 (Ala. 2000) (an employer's "intentional tortious conduct . . . 'committed beyond the bounds of the employer's proper role,' is actionable notwithstanding the exclusivity provisions of the act." (quoting *Lowman v. Piedmont Exec. Shirt Mfg. Co.*, 547 So. 2d 90, 95 (Ala. 1989))).

The circumstances of Robinson's lawsuit are not the same as those in *Shelby Cnty. Health Care Auth.* But that case shows that the applicability of the exclusivity provision is very much a fact-driven inquiry, so much so that the exclusivity defense is usually presented at the summary judgment stage based on an evidentiary record. And this is because "Alabama law does not provide for a presumption that an injury received by an employee during the course of the employment also arises out of the employment . . . ." *City of Birmingham v. Jenkins*, 328 So. 3d 889, 899 (Ala. Civ. App. 2020).

Robinson's Complaint simply alleges that Robinson was a plant worker who was robbed and injured while on a scheduled break somewhere on or around Hanon's premises. It says nothing else. There are no allegations about the identity of the robber, where exactly the robbery occurred, whether Robinson was on the clock or off, or whether he had left the premises or was returning. And there are also insufficient allegations about the circumstances of the break and robbery sufficient for the Court to consider whether Robinson was engaged in the actual performance of the duties of his employment, whether Robinson's job not only furnished the occasion and opportunity for robbery but also suggested the opportunity, and whether there was or was not a causal connection between that type of employment and the robbery.

7

Hyundai bears the burden of showing by clear and convincing evidence that there is *no possibility* that a state court would find that Robinson's Complaint states a cause of action in tort against Hanon. Here, that means showing that there is no possibility that a state court would find that the Act's exclusivity provision does not apply to the circumstances of the robbery. The Complaint and submissions simply lack sufficient factual detail to make that finding under the *no possibility* standard that is applicable here.[4] As such, Hyundai has not met its burden of showing fraudulent joinder.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The order (doc. 3) of referral to the Magistrate Judge, dated November 13, 2025, is **LIFTED**;

(2) This Court lacks subject matter jurisdiction;

(3) *Defendant Hyundai Motor Manufacturing Alabama, LLC's Motion To Dismiss Pursuant To F.R.C.P. 12(b)(6)* (doc. 4) is **DENIED** as moot;

(4) *Defendant Hanon Systems Alabama Corp's Motion To Dismiss* (doc. 6) is **DENIED** as moot;

(5) Plaintiff's *Reply Motion To F.R.C.P.(b)(6)* (doc. 9) is **DENIED** as moot;

(6) *Plaintiff's Motion To Show Cause To Remove This Case Back To State Court* (doc. 20) is **DENIED** as moot;

(7) This action is sua sponte **REMANDED** to the Circuit Court of Macon County, Alabama;

(8) The Clerk of Court is **DIRECTED** to take the necessary steps to effectuate the remand; and,

---

[4] Consideration of the exclusivity provision usually occurs at the summary judgment stage when presented with a detailed factual record.

(9)  The Clerk of Court **SHALL** terminate and close this case.

**DONE** and **ORDERED** on this the 26th day of February 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE